UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD L. EDWARDS, JR., <br><br>Plaintiff, <br><br>v. <br><br>SOCIAL SECURITY, <br><br>Defendant. | Case No.: 19cv1775-AJB(BLM) <br><br>**REPORT AND RECOMMENDATION GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING *SUA SPONTE* PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** <br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** <br><br>**[ECF Nos. 3, 4]** |

Plaintiff initiated the instant litigation on September 17, 2019, when he filed a complaint against Defendant appealing the social security income ("SSI") decision as to Plaintiff's "back pay owed." ECF No. 1. On the same date, Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. ECF Nos. 3, 4. Plaintiff was notified that his case was assigned to Magistrate Judge Barbara L. Major pursuant to General Order 707. ECF No. 2. Attached to the notice was a consent/declination form through which Plaintiff had the choice to consent or decline magistrate jurisdiction. Id. at 3. Plaintiff did not complete the consent/declination in the applicable twenty-one (21) day period, and District Judge Anthony J. Battaglia was assigned to the case on October 10, 2019. ECF No. 5.

///

This Report and Recommendation is submitted to the District Judge Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California. For the reasons set forth below, this Court **DENIES** Plaintiff's motion to appoint counsel and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **GRANTED** and Plaintiff's complaint be **DISMISSED** with leave to amend.

## **MOTION TO PROCEED IN FORMA PAUPERIS**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding … without prepayment of fees or security therfor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therfor.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be unable to provide for himself and dependents with the necessities of life." Id. at 339. At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . , the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice

to other expenses. See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $450 and that was more than sufficient to pay the filing fee). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has satisfied his burden of demonstrating that he is entitled to IFP status. Plaintiff submitted his application to proceed IFP, stating he is homeless, that his sixteen and twenty-year old children rely on him for support, and that the only income Plaintiff receives is his SSI. See ECF No. 3. Although Plaintiff does not state the amount of his monthly SSI, because he cannot afford housing, it appears Plaintiff is unable to pay for his life necessities and therefore, is unable to pay the $400 filing fee. See id.; see also Adkins, 335 U.S. at 339–40. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to proceed IFP be **GRANTED**.

## ***SUA SPONTE* SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) and § 1915(a)**

Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are subject to a mandatory *sua sponte* screening by the Court. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also (Alamar v. Social Security, 2019 WL1258846, at *3 (S.D. Cal. Mar. 19, 2019). A complaint should be dismissed *sua sponte* if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2); Lopez, 203 F.3d at 1126–27.

To survive, all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Furthermore, "recitals of elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Instead, the plaintiff must state a claim that is plausible on its face, meaning "the

pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 556, 570)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. Social security appeals are not exempt from the general screening requirements for IFP cases proceeding under § 1915(e). Montoya v. Colvin, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing Hoagland v. Astrue, 2012 WL 2521753, *1 (E.D. Cal. June 28, 2012)).

In the context of a social security appeal, courts within the Ninth District have established four elements necessary for a complaint to survive a *sua sponte* screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

Skylar v. Saul, 2019 WL 4039650, *1 (S.D. Cal. Aug. 27, 2019) (quoting Montoya, 2016 WL 890922 at *2). With regard to element four, a complaint is insufficient if it merely states that the Commissioner was wrong in denying a plaintiff benefits. See id.; see also Hoagland, 2012 WL 2521753 at *3 ("Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong."). Instead, the "complaint . . . must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." Id. at *2.

When a plaintiff appears *pro se*, the court must be careful to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). This rule of liberal construction is "particularly important" in civil rights cases. Hendon v. Ramsey, 528 F. Supp. 2d

1058, 1063 (S.D. Cal. 2007) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (stating that because "Iqbal incorporated the *Twombly* pleading standard and *Twombly* did not alter the courts' treatment of pro se filings; accordingly we continue to construe pro se filings liberally . . . ." This is particularly important where the petitioner is a pro se prisoner litigant in a civil matter). When giving liberal construction to a pro se civil rights complaint, however, the court is not permitted to "supply essential elements of the claim[] that were not initially pled." Easter v. CDC, 694 F. Supp. 2d 1177, 1183 (S.D. Cal. 2010) (quoting Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id. (quoting Ivey, 673 F.2d at 268).

The court should allow a *pro se* plaintiff leave to amend his or her complaint, "unless the pleading could not possibly be cured by the allegation of other facts." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (internal quotation marks and citations omitted). Moreover, "before dismissing a *pro se* complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Ferdik, 963 F.2d at 1261.

Plaintiff's complaint states "I am a dad of two and I'm homeless[.] [T]he money owed to me will help me be a better dad. [T]his hurts not being able to do for my kids." ECF No. 1 at 2. In his request for relief, Plaintiff further states "I ex[]pect a fair response[.] I've done everything asked of me concerning this . . . ." Id. at 3. The complaint also indicates that Plaintiff has no other civil cases in this or any other federal court. Id. at 1. The only additional information provided in the complaint is contained within the document's caption, which states "appeal SSI decision on my back pay owed." Id. at 1. Even construing Plaintiff's complaint liberally, the Court finds that Plaintiff has not satisfied any elements of the above four-part test. Plaintiff fails to (1) state whether he exhausted his administrative remedies, (2) indicate the judicial district in which he resides; (3) state the nature of (or even mention) his disability; and (4) state the nature of his disagreement with the Commissioner's decision. See generally ECF

No. 1. Plaintiff only pleads that he is homeless and not able to provide for his kids. Id. at 2. Plaintiff's sole reference to the Commissioner's decision—which appears to involve a denial of back pay—is in the caption of his complaint and does not state that he has (or at some point suffered from) a disability for which he should receive the alleged back pay. See id. at 1–2. Furthermore, Plaintiff fails to state whether he exhausted his administrative remedies, and the nature of his dispute as to the Commissioner's SSI determination. Accordingly, for the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** pursuant to the screening requirements of U.S.C. § 1915(e).

## **MOTION TO APPOINT COUNSEL**

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). "[N]either of these factors is dispositive and both must be viewed together before reaching a decision." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting Wilborn, 789 F.2d at 1331).

As explained above, Plaintiff successfully established his indigence to obtain IFP status. However, Plaintiff fails to describe any efforts he has taken to obtain counsel. See Alamar, WL 1258846 at *5 ("[A]ppointing counsel to represent Plaintiff would be inappropriate because she has failed to demonstrate that she made reasonably diligent efforts to obtain counsel); Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (An inability to employ counsel "demands that a plaintiff be both financially unable, and unsuccessful in his attempts, to employ counsel . . . ," requiring "that indigent plaintiffs make a reasonably diligent effort to secure counsel as a prerequisite to the court's appointing counsel for them."); Garcia v. Smith, 2012 WL 2499003,

at *4 (S.D. Cal. June 27, 2012) ("Merely alleging indigence is insufficient to entitle him to appointed counsel; he must also demonstrate that he made a good faith effort, but was unable, to obtain counsel prior to filing this Motion."). Before requesting appointment of counsel, Plaintiff must make reasonably diligent and good faith efforts to obtain counsel on his own.

Plaintiff's request for counsel also is insufficient because he failed to describe "exceptional circumstances" justifying the appointment of counsel. The "exception circumstances" analysis requires "the court to evaluate the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Jones v. State of Cal., 953 F.2d 1387 (9th Cir. 1992) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). Here, the Court is unable to determine whether Plaintiff is likely to succeed on the merits because, as explained above, Plaintiff's complaint fails to state facts sufficient to support a claim for relief. See Capers v. United States Justice Dep't, 2017 WL 532292, at *1, n.1 (S.D. Cal. Feb. 7, 2017) (explaining that the court could not assess "any likelihood of success on the merits" where the plaintiff failed to plead "sufficient facts to state a claim for relief."). Because the Court is recommending that Plaintiff's complaint be dismissed *sua sponte*, and because Plaintiff has not alleged facts justifying the appointment of counsel, Plaintiff's motion for appointment of counsel is **DENIED**.

## **CONCLUSION**

For the reasons set forth above, the Court **DENIES** Plaintiff's motion to appoint counsel and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **GRANTED** and Plaintiff's complaint be **DISMISSED** with leave to amend. Plaintiff may file an amended complaint no later than **November 12, 2019**. Plaintiff must cure the deficiencies in the complaint, by establishing at least: (1) the steps Plaintiff took, if any, to exhaust his administrative remedies; (2) the judicial district in which Plaintiff resides; (3) the nature of Plaintiff's disability; (4) when Plaintiff became disabled; and (5) the nature of Plaintiff's disagreement with the Commissioner's decision regarding Plaintiff's SSI showing that Plaintiff is entitled to relief.

**IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **November**

**12, 2019**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **December 3, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: 10/15/2019

*[signature]*
Hon. Barbara L. Major
United States Magistrate Judge